UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JASON ANTHONY,

    Plaintiff,

    vs.                                                3:12cv619(WIG)

CITY OF BRIDGEPORT and
THOMAS LATTANZIO,

    Defendants.

_____X

## RULING ON DEFENDANTS' PRETRIAL MOTIONS

Plaintiff Jason Anthony brings this action against the City of Bridgeport and police officer Thomas Lattanzio (collectively "Defendants") for damages he allegedly sustained as a result of Officer Lattanzio's use of excessive force in connection with an incident occurring on July 28, 2011. Plaintiff alleges violations of 42 U.S.C. § 1983 and Article First § 7 of the Connecticut Constitution. Plaintiff also asserts a *Monell* claim against the City. Defendants have filed a Motion to Bifurcate the *Monell* claim [Doc. # 47], and a Motion *in Limine* to exclude evidence of other lawsuits, claims, or complaints filed against the Bridgeport Police Department [Doc. # 46].

## Background

On July 28, 2011, Plaintiff was sitting in a parked car when Officer Lattanzio approached him to conduct a motor vehicle stop. Plaintiff alleges that during this stop Officer Lattanzio asked him to step out of the vehicle and then unreasonably pushed, shoved, slammed, and/or threw him against the side of the car. Plaintiff also alleges that Officer Lattanzio subsequently filed a false police report mischaracterizing the incident. Defendants contend that the incident

resulted in Plaintiff being given a citation for Improper Parking and deny that any excessive force was used.

## Discussion

### A. Motion to bifurcate the *Monell* claim

To bring a 42 U.S.C. § 1983 claim under *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978) against a municipal defendant, a plaintiff must allege the existence of an official policy or custom, and that there is a direct causal link between that policy or custom and alleged deprivation of constitutional rights. *See Marchand v. Simonson*, 16 F. Supp. 3d 97, 108 (D. Conn. 2014) (citing *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997)); *see also Monell*, 436 U.S. at 694 ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy."). Here, Plaintiff claims that the City has a custom or policy of condoning and encouraging civil rights violations by police officers. Defendants argue that this *Monell* claim should be bifurcated to promote judicial economy and to avoid prejudice.

Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, a court can order separate trials where doing such will further convenience, avoid prejudice, or promote efficiency. Fed. R. Civ. P. 42(b). "Therefore, bifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue, or where one party will be prejudiced by evidence presented against another party." *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999)(citation omitted). "Bifurcation is within the district court's discretion and decided on a case-by-case basis." *Doe No. 1 v. Knights of Columbus*, 930 F. Supp. 2d 337, 379 (D. Conn. 2013). Courts in the Second Circuit are generally in favor of

bifurcating *Monell* claims.  *Mineo v. City of New York*, No. 09-CV-2261 RRM MDG, 2013 WL 1334322, at *1 (E.D.N.Y. Mar. 29, 2013); *Bombard v. Volp*, 44 F.Supp. 3d 514, 528 (D. Vt. 2014).

Here, bifurcation would promote efficiency in that litigating the claims against Officer Lattanzio may obviate the need to try the case against the City.  *See Vichare v. AMBAC Inc.*, 106 F.3d 457, 466 (2d Cir. 1996).  "A jury's conclusion that a plaintiff has suffered no constitutional violation at the hands of an individual defendant generally forecloses a *Monell* claim."  *Bonilla v. Jaronczyk*, 354 F.App'x 579, 582 (2d Cir. 2009).  In other words, when a plaintiff's claim "is caused solely by a named individual defendant who is found not liable, the municipal government cannot be held liable."  *Santana v. City of Hartford*, 283 F.Supp. 2d 720, 728 (D. Conn. 2003) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 798–99 (1986)).  Because the issue of Officer Lattanzio's liability could be dispositive of the *Monell* claim, it would save the Court's and the parties' time and resources to bifurcate.

Bifurcation in this instance would also protect against unfair prejudice.  The type of evidence that Plaintiff would have to present in order to prevail on his *Monell* claims – evidence showing that the City had a practice of condoning or encouraging civil rights violations – could create undue prejudice against Officer Lattanzio.  Specially, Plaintiff intends to offer complaints filed by any third party against any Bridgeport police officer or against the Department as a whole.  In *Amato*, evidence that the plaintiff would use in support of his *Monell* claim, including personnel records of police officers and a history of all claims of excessive force brought against the department, "would likely be either inadmissible as against [the individual officers], or prejudicial to those individual defendants."  *Amato*, 170 F.3d at 316.  *Accord Bombard*, 44 F.Supp.3d at 528 (evidence of years of excessive force claims against the police department

would likely prejudice the individual officer's efforts to defend his actions on the specific date at issue); *Mineo*, 2013 WL 1334322, at *1(evidence of other incidents "could dangerously infect the jury's consideration of the individual claim" against the named officer.).  Plaintiff has not persuaded the Court that the instant case differs in any material way from *Amato* such that bifurcation would not be appropriate.  As such, the Court grants Defendants' motion.

### B. Motion *in limine* regarding evidence of other complaints

Defendants also move *in limine* to preclude evidence of other complaints made against Officer Lattanzio or the Bridgeport Police Department, including any lawsuits, complaints, or grievances filed by Plaintiff or any third party.  Plaintiff contends that such evidence should be admissible under Federal Rule of Evidence Rule 404(b) to show Officer Lattanzio's alleged pattern of using excessive force in a sadistic manner.

The Court's analysis of the admissibility of this evidence must begin by harking back to the standard used in excessive force cases:  "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (U.S. 1989) (internal quotation marks omitted).  Whether a particular use of force is reasonable "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.*  The reasonableness determination must take into account that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 397.  Here, then, the question is whether Officer Lattanzio's actions were

"objectively reasonable" in light of the facts and circumstances confronting him, "without regard to [his] underlying intent or motivation." *Id.*

Under rule 404(b), "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404. Evidence of other acts may be admitted, however, for another relevant purpose under the "inclusionary approach" employed by the Second Circuit. *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991). Under the "inclusionary approach," evidence of prior acts is admissible "for any purpose other than to show a defendant's criminal propensity, as long as it is relevant to some disputed issue in the trial and satisfies the probative-prejudice balancing test of Fed. R. Evid. 403." *United States v. Brennan*, 798 F.2d 581, 589 (2d Cir. 1986)(internal citations and quotation marks omitted). The trial court has broad discretion in decisions relating to the admissibility of prior act evidence. *See Berkivich* at 1022.

Plaintiff first argues that the other complaints evidence shows Officer Lattanzio's pattern of using excessive force in a sadistic manner. "This proffer amounts to no more than a veiled attempt to do what Rule 404(b) expressly prohibits—introducing evidence of bad acts to show the defendant's propensity to commit such acts." *Berkivich* at 1022.

Plaintiff also argues that the other claims should be admissible to show a pattern of conduct by Officer Lattanzio. In order for the evidence to be admissible for this purpose, though, the prior actions of the officer must share "unusual characteristics" with the events of July 28, 2011, or exhibit a "unique scheme." *Id.* In *Berkivich*, the court found that prior complaints against the defendant police officer could not be admitted because they were not sufficiently similar to the incident at issue. *Id.* at 1022-1023. Here, too, the other claims

Plaintiff seeks to introduce do not share unique or unusual characteristics with the interaction he had with Officer Lattanzio.

Plaintiff attaches to his memorandum in opposition to the motion *in limine* a summary, presumably prepared by his counsel, of investigations conducted by the Office of Internal Affairs of complaints made against Officer Lattanzio. It appears that two of these complaints resulted in disciplinary action. The first was regarding an incident occurring on September 5, 2010. Plaintiff summarizes the incident as one in which Officer Lattanzio used excessive force against the complainant, physically assaulting him, spitting on him, and cursing at him. The complainant also alleges that Officer Lattanzio took and used his cell phone. As a result of this incident Officer Lattanzio was found to have violated the following department rules: familiarity with department rules and regulations; shall not violate rules; conforming to rules; incompetence; unbecoming conduct; performing proper searching procedures; and performing proper field search. The second was regarding an incident occurring on November 23, 2010. Plaintiff summarizes the incident as one in which Officer Lattanzio stopped the complainant, screamed at her, and called her a "drama queen." As a result of this incident Officer Lattanzio was found to have violated the following department rules: familiarity with department rules and regulations; shall not violate rules; conforming to rules; fair and equal treatment; incompetence; unbecoming conduct; and public contact.

The incidents resulting in disciplinary action do not share unusual or unique characteristics with the events of July 28, 2011 such that they show a pattern of conduct. The November 23, 2010 incident has little in common with the allegations at issue here. The September 5 incident, while a closer call, is not sufficiently similar such that it gets around Rule 404(b). Even assuming that the summary of the incident is completely thorough and accurate,

the incident does not share distinctive characteristics with the present case.  For example, the September incident involved, in addition to physical assault, spitting, cursing, and swearing, an allegation that Officer Lattanzio took the complainant's cell phone.  Here, Plaintiff alleges only that Officer Lattanzio "pushed, shoved, slammed and/or threw" him against the side of the vehicle.  [Amended Complaint, Doc. # 10, at ¶ 10; Plaintiff's Pretrial Memorandum, Doc. # 48; Plaintiff's Opposition, Doc. # 58].  None of the possible distinctive factors from the September incident – spitting, taking of a cell phone – are alleged by Plaintiff.  In all, there is not a sufficient unique alikeness amounting to admissible pattern evidence[1].

In *Ismail v. Cohen*, 706 F.Supp. 243, 253 (S.D.N.Y. 1989) *aff'd*, 899 F.2d 183 (2d Cir. 1990), evidence of a subsequent complaint was admissible when it shared with the incident at issues a "pattern of misconduct."  Specifically, both incidents involved "defendant Cohen applying handcuffs too tightly, falsely claiming injury from the citizen to cover up his own inappropriate use of physical force, and filing false charges for the same purpose."  *Id.*  No such distinctive similarities are present in the instant case.

Furthermore, such evidence is not probative of whether Officer Lattanzio's force was reasonable *under the facts and circumstances of July 28, 2011*.  How the officer behaved on other occasions, under different sets of facts and circumstances, is not germane to the issue of the constitutionality of the conduct being tried in this instance.  *See Rosa v. Town of E. Hartford*, No. 3:00CV1367(AHN), 2005 WL 752206, at *2 (D. Conn. Mar. 31, 2005).

---

[1] The remaining incidents in Plaintiff's summary, those not appearing to have resulted in disciplinary action, are similarly lacking in distinctive features and are inadmissible for the same reasons as set forth above.

Because of the limited probative value of the evidence of other complaints, and because of the danger of unfair prejudice to Officer Lattanzio if admitted, *see supra* p. 3-4, precluding this evidence is also appropriate under Rule 403 of the Federal Rules of Evidence.

Plaintiff also seeks to admit evidence of other complaints in support of its *Monell* claim against the City.  Such evidence, generally, is relevant for that purpose, and may be offered at the second stage of the trial.  *See Hiep v. Clark*, No. 90 CIV. 3196 (DC), 1996 WL 509669, at *1 (S.D.N.Y. Sept. 9, 1996).  Thus, the motion is granted in part and denied in part.

## Conclusion

For the reasons discussed above, Defendant's Motion to Bifurcate is granted; Defendant's Motion *in Limine* is granted in part and denied in part.  The trial will be bifurcated.  If the jury finds in favor of the Plaintiff on the excessive force claim, the *Monell* portion of the trial will commence immediately.  In that stage of the trial, Plaintiff may introduce evidence of other complaints made against the Bridgeport Police Department, subject to any further evidentiary rulings the Court may issue.

SO ORDERED, this   15th   day of June, 2015, at Bridgeport, Connecticut.

 */s/ William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge